**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 1:26-cr- 28 |
| v. | ) | |
| | ) | JUDGES TRM/CHS |
| **ALEX DANIEL MORALES** | ) | |

## INDICTMENT

## COUNT ONE
## EXPLOITATION OF A MINOR

The Grand Jury charges that, beginning on or about June 15, 2023, and continuing until on or about September 1, 2023, within the Eastern District of Tennessee and elsewhere, the defendant, ALEX DANIEL MORALES, did employ, use, persuade, induce, entice, and coerce, a minor, MINOR VICTIM 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, including by computer, and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and the visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT TWO
## ENTICEMENT

The Grand Jury further charges that, beginning on or about June 15, 2023, and continuing until on or about September 1, 2023, within the Eastern District of Tennessee and elsewhere, the defendant, ALEX DANIEL MORALES, did use a facility and means of interstate and foreign

commerce to knowingly persuade, induce, entice, or coerce an individual who has not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely: the production of child pornography as defined in 18 U.S.C. § 2256(8)(A), exploitation as defined in 18 U.S.C. § 2251(a), as well as especially aggravated sexual exploitation of a minor, in violation of Tennessee statute § 39-17-1005, and soliciting sexual exploitation of a minor – exploitation of a minor by electronic means in violation of Tennessee statute § 39-13-529.

All in violation of Title 18, United States Code, Sections 2422(b) and 2427.

## COUNT THREE
## TRANSFER OF OBSCENE MATERIAL TO A MINOR

The Grand Jury further charges that, beginning on or about June 15, 2023, and continuing until on or about September 1, 2023, within the Eastern District of Tennessee and elsewhere, the defendant, ALEX DANIEL MORALES, did use a facility of interstate commerce, that is the internet, to knowingly transfer and attempt to transfer obscene matter to another individual, a person whom the defendant knew had not attained the age of 16 years.

All in violation of Title 18, United States Code, Section 1470.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Four of this Indictment are re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 2253, and 2428.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251 and 2252A, the defendant, ALEX DANIEL MORALES, shall forfeit to the United States of America, the following:

a.　　　Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter

2

which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

Pursuant to Title 18, United States Code, Section 2428, upon conviction of an offense in violation of Title 18, United States Code, Section 2422, the defendant, ALEX DANIEL MORALES, shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

The properties to be forfeited include, but are not limited to, the following:

1.   Black Apple iPhone 11 Pro Max (SN: G6TC86UXN70H);

2.   Dell Laptop;

3.   Silver Microsoft Laptop/Tablet;

4.   Black I-series Computer Tower;

5.   One (1) Hard Drive;

6.   One (1) Solid State Drive; and

7.   Two (2) RAM (Random Access Memory) chips.

If any of the property subject to forfeiture, as a result of any act or omission of a defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred, sold to, or deposited with a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Charles D. Minor
Special Assistant United States Attorney

4